**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RONALD LARKINS,**

        **Plaintiff,**

**v.**                                     **9:13-CV-219 (NAM/ATB)**

**CAYUGA COUNTY and
DAVID GOULD, Sheriff in Official Capacity,**

        **Defendants.**
_____

**APPEARANCES:**

Ronald Larkins, Pro se
11-B-3910
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

Bryan Georgiady, Esq.
The Law Firm of Frank W. Miller
6575 Kirkville Road
East Syracuse, NY 13057
For Defendants

**Hon. Norman A. Mordue, Senior United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Plaintiff Ronald Larkins, an inmate in the custody of the New York State Department of Corrections and Community Supervision, brought this action for declaratory and monetary relief under 42 U.S.C. § 1983, alleging that defendants Cayuga County and Sheriff David Gould denied him adequate medical care by failing to provide him with eye glasses while he was confined at the Cayuga County Jail ("CCJ"). Plaintiff's motion (Dkt. No. 25) and defendants' cross-motion

(Dkt. No. 26) for summary judgment were referred to United States Magistrate Judge Andrew T. Baxter for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c).

Magistrate Judge Baxter issued a Report and Recommendation (Dkt. No. 34) in which he recommends that the Court deny plaintiff's motion for summary judgment, grant defendants' cross-motion for summary judgment and dismiss the complaint in its entirety. Magistrate Judge Baxter's recommendation is based on his conclusion that there is no evidence that Cayuga County had a "policy or custom" that caused plaintiff any constitutional violation. Magistrate Judge Baxter further concluded that no reasonable fact finder could conclude that defendant Sheriff Gould, or anyone else at CCJ, acted with deliberate indifference to plaintiff's medical needs.

Plaintiff objects to Magistrate Judge Baxter's conclusion and asserts that Cayuga County's policy of prohibiting prisoners from covering their eyes and keeping the lights on "24/7" is sufficient to establish municipal liability. Dkt. No. 37, p.2. Plaintiff also objects to dismissal of Sheriff Gould for lack of personal involvement asserting that there is evidence that Sheriff Gould, and others at CCJ, were aware he was suffering from headaches and that his vision was deteriorating. Dkt. No.37, pp. 2, 5. Defendants oppose plaintiff's objections. Dkt. No. 38.

## DISCUSSION

The Court adopts Magistrate Judge Baxter's summary of the facts and applicable law. The Court does not repeat them here.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. Where a party interposes only general objections to a report and recommendation, the Court reviews for clear error or manifest injustice.

2

*See Davis v. Chapple*, 2010 WL 145298, *2 (N.D.N.Y. Jan. 8, 2010), *Brown v. Peters*, 1997 WL 599355,*2-* 3 (N.D.N.Y.), *aff'd without op.*, 175 F.3d 1007 (2d Cir. 1999). Failure to object to any portion of a report and recommendation waives further judicial review of the matters therein. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993).

Viewing the facts in the light most favorable to plaintiff, the Court concludes, as did Magistrate Judge Baxter, that there is sufficient evidence from which to assume that plaintiff has raised an issue of fact as to whether his medical need for prescription eyeglasses was sufficiently serious, in satisfaction of the first prong of the deliberate indifference analysis. *See e.g.*, *Thomas v. Toporek*, No. 6:13-CV-6371, 2014 WL 897097, at*5 (W.D.N.Y. Mar. 6, 2014) (assuming that plaintiff's assertion "that he suffered eye strain and migraines from not having the proper strength prescription glasses for a period of time, and that he allegedly almost went 'legally blind'" was sufficient to allege a serious medical condition). The Court, however, further concludes, as did Magistrate Judge Baxter, that there is:

> no evidence from which a reasonable factfinder could conclude that any of plaintiff's medical providers were aware that he was suffering from severe headaches, that his vision was deteriorating to any great extent, or aware of any other information that would indicate that plaintiff was suffering from a condition requiring urgent medical care.

Dkt. No. 34, p.13. To establish deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The grievances plaintiff submitted contained complaints regarding his vision, but they only stated that his vision had "gotten worse". Plaintiff did not request stronger pain medication and did not request a visit with the doctor. Moreover, following plaintiff's June 2011 grievance, Nurse Wallace made a

3

number of attempts to and eventually succeeded in finding an eye care provider to see plaintiff and scheduled an appointment. Even viewing the evidence in the light most favorable to plaintiff, there is no basis on which a factfinder could concluded that Nurse Wallace or any other prison official could infer that a substantial risk of serious harm existed if plaintiff was not seen promptly by an eye care provider. Thus, plaintiff has failed to raise a genuine issue of material fact as to whether defendants were deliberately indifferent to plaintiff's serious medical need.

## CONCLUSION

Upon *de novo* review, the Court accepts and adopts the Report-Recommendation and Order in its entirety.

It is therefore

**ORDERED** that the Report-Recommendation (Dkt. No. 34) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that plaintiff's motion for summary judgment (Dkt. No. 25) is **DENIED** and it is further

**ORDERED** that defendants' motion (Dkt. No. 26) for summary judgment is **GRANTED** and the case dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Date: September 24, 2014
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge

4